**GREENBERG TRAURIG, LLP**
Robert J. Herrington (SBN 234417)
herringtonr@gtlaw.com
1840 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

James N. Boudreau*
boudreauj@gtlaw.com
Christiana L. Signs*
signsc@gtlaw.com
1717 Arch Street, Suite 400
Philadelphia, PA 19103
Telephone: (215) 988-7800
Facsimile: (215) 797-5209
*Applications for admission *pro hac vice* forthcoming

Attorneys for Defendants
MEDTRONIC, INC. and COVIDIEN, L.P.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| GLORIA LAMUG, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEDTRONIC, INC., a Minnesota Corporation; COVIDIEN, L.P., a Delaware Limited Partnership; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 8:22-cv-00015-CJC-DFM<br><br>[CLASS ACTION]<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br><br>Judge:        Hon. Cormac J. Carney<br>Courtroom: 9B<br><br>State Case No. 30-2021-01226915-CU-OE-CXC<br>State Action Filed:   Oct. 19, 2021<br>State Action Served: Dec. 6, 2021 |

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Medtronic, Inc. and Covidien, L.P. (collectively, "Defendants") answer Plaintiff Gloria Lamug's Class Action Complaint (see ECF 1-1) as follows:

## I.   <u>INTRODUCTION</u>

1.      Defendants admit Plaintiff Gloria Lamug ("Ms. Lamug") purports to proceed as set forth in Paragraph 1 but deny that Ms. Lamug has any valid cause of action and deny that she may assert any cause of action on behalf of the class described in Paragraph 1.

2.      Denied.

3.      Defendants admit Ms. Lamug purports to proceed as set forth in paragraph 3 but deny that Ms. Lamug has any valid cause of action under the Fair Credit Reporting Act ("FCRA") and deny that she may assert any such cause of action on behalf of a class.

4.      Defendants admit Ms. Lamug purports to proceed as set forth in paragraph 4 but deny that Ms. Lamug has any valid cause of action under the Consumer Credit Reporting Agencies Act ("CCRAA") or the Investigative Consumer Reporting Agencies Act ("ICRAA") and deny that Ms. Lamug may assert any such causes of action on behalf of a class.

5.      Defendants admit Ms. Lamug purports to proceed as set forth in paragraph 5 but deny that she is entitled to actual damages and statutory damages, penalties, punitive damages, or any relief of any kind. Defendants further deny that they violated the FCRA, ICRAA, or CCRAA in any way, willfully or otherwise.

6.      Defendants admit Ms. Lamug purports to proceed as set forth in paragraph 6 but deny that she is entitled to actual damages, punitive damages, or any relief of any kind. Defendants further deny that they violated the ICRAA in any way, willfully or otherwise.

## II.   <u>JURISDICTION AND VENUE</u>

7.      Defendants admit Ms. Lamug purports to proceed as set forth in paragraph 7 but deny that Ms. Lamug has any valid cause of action, deny that she may assert any such cause of action on behalf of a class, and deny that she is entitled to damages, restitution, or any relief of any kind.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

8.    This paragraph contains legal assertions or conclusions that do not require responsive pleading.

9.    This paragraph contains legal assertions or conclusions that do not require responsive pleading.

10.    This paragraph contains legal assertions or conclusions that do not require responsive pleading. To the extent a responsive pleading is required, Defendants deny the Court has personal jurisdiction over them.

11.    This paragraph contains legal assertions or conclusions that do not require responsive pleading. To the extent a responsive pleading is required, Defendants deny the Court has personal jurisdiction over them.

12.    This paragraph contains legal assertions or conclusions that do not require responsive pleading.

13.    This paragraph contains legal assertions or conclusions that do not require responsive pleading. To the extent a responsive pleading is required, Defendants deny the allegations in this paragraph.

### III.    PARTIES

14.    Admitted in part; denied in part. Defendants admit Medtronic, Inc. is a corporation in good standing organized under the laws of the State of Minnesota and that it maintains its operational headquarters at 710 Medtronic Parkway, Minneapolis, Minnesota, 55432. Defendants deny the remaining allegations in this paragraph.

15.    Defendants admit Covidien, L.P. ("Covidien") is a limited partnership in good standing organized under the laws of the State of Delaware and that it maintains is operational headquarters at 15 Hampshire St., Mansfield, Massachusetts 02048. Defendants deny the remaining allegations in this paragraph.

16.    Admitted in part; denied in part. Defendants admit Covidien employed employees in California, including in the County of Orange. Defendants deny the remaining allegations contained in this paragraph.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

17.     Admitted in part; denied in part. Defendants admit Ms. Lamug was a resident of Orange County, California during her employment with Covidien Defendants deny the remaining allegations contained in this paragraph.

18.     Admitted in part; denied in part. Defendants admit Covidien employed Ms. Lamug as a non-exempt employee in Irvine, California. Defendants deny the remaining allegations contained in this paragraph, including that any entity other than Covidien employed Ms. Lamug.

19.     Defendants admit Ms. Lamug purports to proceed as set forth in Paragraph 19 but deny that she has any valid cause of action and deny that she may assert any cause of action on behalf of the class described in Paragraph 19.

20.     Defendants admit Ms. Lamug purports to proceed as set forth in Paragraph 20 but deny any remaining allegations contained in this paragraph.

## ALLEGATIONS AS TO ALL CLAIMS

21.     Admitted in part; denied in part. Defendants admit Ms. Lamug applied to work for Covidien in California; that Covidien required her to fill out a Disclosure Regarding Background Reports and an Authorization to Obtain Background Check Reports; and that by filling out these forms, Ms. Lamug permitted Defendants to obtain a consumer report on her. Defendants deny the remaining allegations in this paragraph, including that any entity other than Covidien employed Ms. Lamug.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Defendants admit Ms. Lamug purports to proceed as set forth in Paragraph 25 but deny that Ms. Lamug may assert any cause of action on behalf of a class.

26.     Defendants admit Ms. Lamug purports to proceed as set forth in Paragraph 26 but deny that Ms. Lamug has any valid cause of action and deny that she may assert any cause of action on behalf of the class described in Paragraph 26.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

27. Defendants deny the allegations contained in Paragraph 27 because they purport to summarize and/or characterize the terms of the FCRA, the terms of which speak for themselves, and in that regard state conclusions of law to which no responsible pleading is required.

28. Denied.

29. This paragraph contains legal assertions or conclusions that do not require responsive pleading.

30. This paragraph contains legal assertions or conclusions that do not require responsive pleading.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Defendants admit Ms. Lamug purports to proceed as set forth in Paragraph 35 but deny that Ms. Lamug has any valid cause of action and deny that she may assert any cause of action on behalf of a class.

36. This paragraph contains legal assertions or conclusions that do not require responsive pleading. To the extent a responsive pleading is required, Defendants deny the allegations in this paragraph.

37. Denied.

38. This paragraph contains legal assertions or conclusions that do not require responsive pleading.

39. Denied.

40. Denied.

41. Denied.

     a. Denied as to subpart a.

     b. Denied as to subpart b.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

|   |   |   |
|---|---|---|
| 1 | c. | Denied as to subpart c. |
| 2 | d. | Denied as to subpart d. |
| 3 | e. | Denied as to subpart e. |
| 4 | f. | Denied as to subpart f. |

5    42.    Denied.

6    43.    Denied.

7    44.    Denied.

8    45.    Denied.

9            a.    Denied as to subpart a.

10           b.    Denied as to subpart b.

11           c.    Denied as to subpart c.

12           d.    Denied as to subpart d.

13           e.    Denied as to subpart e.

14           f.    Denied as to subpart f.

15           g.    Denied as to subpart g.

16           h.    Denied as to subpart h.

17           i.    Denied as to subpart i.

18   46.    Denied.

19           a.    Denied as to subpart a.

20           b.    Denied as to subpart b.

21           c.    Denied as to subpart c.

22           d.    Denied as to subpart d.

23           e.    Denied as to subpart e.

24   47.    Denied.

25   48.    Denied.

26   49     Denied.

27   50     Denied.

28

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

51    Denied.

52    Denied.

53    Denied.

### ICRAA AND CCRAA CLASS ACTION ALLEGATIONS

54.    Defendants re-allege and incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

55.    Defendants admit Ms. Lamug purports to proceed as set forth in Paragraph 55 but deny that Ms. Lamug has any valid cause of action and deny that she may assert any cause of action on behalf of a class.

56.    Defendants admit Ms. Lamug purports to proceed as set forth in Paragraph 56 but deny that Ms. Lamug has any valid cause of action and deny that she may assert any cause of action on behalf of a class.

57.    Defendants admit Ms. Lamug purports to proceed as set forth in Paragraph 57 but deny that Ms. Lamug has any valid cause of action and deny that she may assert any cause of action on behalf of a class.

58.    Denied.

    a.    Denied as to subpart a.

    b.    Denied as to subpart b.

    c.    Denied as to subpart c.

        1)    Denied.

        2)    Denied.

        3)    Denied.

        4)    Denied.

        5)    Denied.

        6)    Denied.

        7)    Denied.

    d.    Denied as to subpart d.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

|   | e. | Denied as to subpart e. |
|---|----|-------------------------|
|   | f. | Denied as to subpart f. |
|   | g. | Denied as to subpart g. |

**CLASS ACTION CLAIMS**

**FIRST CAUSE OF ACTION**

**FOR FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE**

**FCRA [15 U.S.C. § 1681b(b)(2)(A)(i), ET SEQ.**

**(By PLAINTIFF and the FCRA CLASS Against Defendants)**

59.   Defendants re-allege and incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

60.   Defendants deny the allegations contained in Paragraph 60 because they purport to summarize and/or characterize the terms of the FCRA, the terms of which speak for themselves, and in that regard state conclusions of law to which no responsible pleading is required.

61.   Denied.

62.   Denied.

63.   Denied.

64.   Denied.

65.   Denied.

66.   Denied.

67.   This paragraph contains legal assertions or conclusions that do not require responsive pleading.

68.   Denied.

69.   Denied.

70.   Denied.

71.   Denied.

72.   Denied.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**

**FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF**

**THE FCRA [15 U.S.C. § 1681b(b)(2)(A)(ii)]**

**(By PLAINTIFF and the FCRA CLASS Against Defendants)**

73.    Defendants re-allege and incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

**THIRD CAUSE OF ACTION**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA**

**(CAL. CIV. CODE § 1786 ET SEQ.)**

**(By PLAINTIFF and the ICRAA CLASS Against Defendants)**

80.    Defendants re-allege and incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

81.    This paragraph contains legal assertions or conclusions that do not require responsive pleading.

82.    This paragraph contains legal assertions or conclusions that do not require responsive pleading.

83    Defendants deny the allegations contained in Paragraph 83 because they purport to summarize and/or characterize the terms of the ICRAA, the terms of which speak for themselves, and in that regard state conclusions of law to which no responsible pleading is required.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

84.     This paragraph contains legal assertions or conclusions that do not require responsive pleading.

85.     Defendants deny the allegations contained in Paragraph 85 because they purport to summarize and/or characterize the terms of the ICRAA, the terms of which speak for themselves, and in that regard state conclusions of law to which no responsible pleading is required.

86.     This paragraph contains legal assertions or conclusions that do not require responsive pleading.

87     Denied.

88.     Defendants deny the allegations contained in Paragraph 88 because they purport to summarize and/or characterize the terms of the ICRAA, the terms of which speak for themselves, and in that regard state conclusions of law to which no responsible pleading is required.

89.     This paragraph contains legal assertions or conclusions that do not require responsive pleading.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Defendants admit that Ms. Lamug purports to proceed as set forth in Paragraph 94 but deny that she has any valid cause of action, deny that she may assert her ICRAA claim on behalf of a class, and deny that she is entitled to actual damages, punitive damages, attorneys' fees and costs, or any other relief.

95.     Defendants admit that Ms. Lamug purports to proceed as set forth in Paragraph 95 but deny that she has any valid cause of action and deny that she is entitled to actual damages, attorneys' fees and costs, or any other relief.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**FOURTH CAUSE OF ACTION**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA**

**(CAL. CIV. CODE § 1785 ET SEQ.)**

**(By PLAINTIFF and the CCRAA CLASS Against Defendants)**

96.     Defendants re-allege and incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

97.     This paragraph contains legal assertions or conclusions that do not require responsive pleading.

98.     This paragraph contains legal assertions or conclusions that do not require responsive pleading.

99.     Defendants deny the allegations contained in Paragraph 99 because they purport to summarize and/or characterize the terms of the CCRAA, the terms of which speak for themselves, and in that regard state conclusions of law to which no responsible pleading is required.

100.    This paragraph contains legal assertions or conclusions that do not require responsive pleading.

101.    Defendants deny the allegations contained in Paragraph 101 because they purport to summarize and/or characterize the terms of the CCRAA, the terms of which speak for themselves, and in that regard state conclusions of law to which no responsible pleading is required.

102.    This paragraph contains legal assertions or conclusions that do not require responsive pleading.

103.    Denied.

104.    This paragraph contains legal assertions or conclusions that do not require responsive pleading.

105.    Denied.

///

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

106.  Denied.

      a.      Denied as to subpart a.

      b.      Denied as to subpart b.

      c.      Denied as to subpart c.

107.  Denied.

108.  Defendants admit that Ms. Lamug purports to proceed as set forth in Paragraph 108 but deny that she has any valid cause of action, deny that she may assert her CCRAA claim on behalf of a class, and deny that she is entitled to statutory damages, actual damages, punitive damages, injunctive relief, attorneys' fees and costs, or any other relief.

109.  Defendants admit that Ms. Lamug purports to proceed as set forth in Paragraph 109 but deny that she has any valid cause of action and deny that she is entitled to actual damages, attorneys' fees and costs, or any other relief.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

### <u>Class Certification</u>

1.  That the Court decline to certify this case as a class action and deny any motion for class certification;

2.  That the Court reject Ms. Lamug's attempt to proceed in a representative capacity in any manner; and

3.  That the Court decline to appoint counsel for Ms. Lamug as counsel for any class.

### <u>On the First and Second Causes of Action</u>

1.  That Ms. Lamug take nothing by her Class Action Complaint;

2.  That Ms. Lamug's request for actual damages and/or statutory damages for herself and putative class members be denied;

3.  That Ms. Lamug's request for punitive damages be denied;

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

4.     That Defendants be awarded reasonable attorneys' fees according to proof and the costs of suit incurred herein; and

5.     That Defendants be awarded such other relief as the Court may deem just and proper.

### On the Third Cause of Action

1.     That Ms. Lamug take nothing by her Class Action Complaint;

2.     That Ms. Lamug's request for actual damages for herself and putative class members be denied;

3.     That Ms. Lamug's request for punitive damages be denied;

4.     That Defendants be awarded reasonable attorneys' fees according to proof and the costs of suit incurred herein; and

5.     That Defendants be awarded such other relief as the Court may deem just and proper.

### On the Fourth Cause of Action

1.     That Ms. Lamug take nothing by her Class Action Complaint;

2.     That Ms. Lamug's request for injunctive relief be denied;

3.     That Ms. Lamug's request for actual damages and/or statutory damages for herself and putative class members be denied;

4.     That Ms. Lamug's request for punitive damages be denied;

5.     That Defendants be awarded reasonable attorneys' fees according to proof and the costs of suit incurred herein; and

6.     That Defendants be awarded such other relief as the Court may deem just and proper.

### AFFIRMATIVE DEFENSES

In further response to Plaintiff's Class Action Complaint, Defendants allege the following separate and distinct affirmative defenses, without conceding that Defendants bear the burden of proof or persuasion as to any of these defenses.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Furthermore, Defendants oppose class certification and dispute the propriety of class treatment. If the Court certifies a class over these objections, however, Defendants assert their affirmative and other defenses against each member of any certified class.

### First Affirmative Defense

Ms. Lamug and putative class members lack standing under Article III. They have suffered no injury in fact caused by Defendants and redressable by an order from this Court.

### Second Affirmative Defense

An award of statutory and/or punitive damages would violate Defendants' due process rights as it would be disproportionate to the harm alleged and suffered.

### Third Affirmative Defense

At all times, Defendants acted in good faith regarding compliance with the FCRA, the ICRAA, and the CCRAA, and to the extent any violation occurred, it was not knowing, reckless, or willful, but the byproduct of negligence, mistake, or a legitimate dispute over interpretation of the statute's requirements. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007) ("a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.").

### Fourth Affirmative Defense

The Court should dismiss the claims of Ms. Lamug and putative class members to the extent the applicable statute of limitations and/or statute of repose bars them.

### Fifth Affirmative Defense

Ms. Lamug's claims are barred to the extent employees or agents acted contrary to express or generally understood policies and procedures because such actions were not authorized and were outside the scope of their employment or agency.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

## **Sixth Affirmative Defense**

Ms. Lamug's claims fail to the extent her own actions or omissions, or other intervening or superseding causes over which Defendants had no control, were the sole, proximate, and legal cause of any injuries or damages allegedly suffered, which cannot form the basis for any liability on the part of Defendants.

## **Seventh Affirmative Defense**

Ms. Lamug cannot maintain her claims against Defendants on a class-wide basis because: (a) she cannot establish the necessary procedural elements for class action treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Class Action Complaint; (c) there is no commonality between Ms. Lamug and the putative members of the class she purports to represent; (d) common issues of fact or law do not predominate, and, to the contrary, individual issues predominate; (e) Ms. Lamug's claims are not representative or typical of those of the putative classes; (f) Ms. Lamug and/or alleged putative class counsel are not adequate or proper class representatives; (g) the putative class Ms. Lamug purports to represent is not so numerous as to render joinder of all members impracticable; (h) Ms. Lamug cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; and (i) the alleged putative class is not ascertainable and its members are not identifiable.

## **Eighth Affirmative Defense**

Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' procedural rights and right to trial by jury and to substantive and procedural due process, in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

### Ninth Affirmative Defense

This Court lacks personal jurisdiction over Defendants vis-à-vis the claims of out-of-state putative class members. *See Bristol-Myers Squibb Co. v. Superior Court of Cal.*, __ U.S. __, 137 S. Ct. 1773 (2017).

### Tenth Affirmative Defense

Adjudication of Ms. Lamug's claims as a class action would violate Defendants' right to Due Process and a jury trial and is barred by the Rules Enabling Act, 28 U.S.C. § 2072.

### Eleventh Affirmative Defense

Ms. Lamug's claims are barred to the extent the Court lacks general and/or specific personal jurisdiction over the parties. Similarly, Ms. Lamug's claims are barred to the extent that the Court's exercise of jurisdiction violates the Due Process Clauses of the Fifth or Fourteenth Amendments.

### Twelfth Affirmative Defense

Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on other applicable affirmative defenses as may later become available or apparent. Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during subsequent discovery.

### JURY DEMAND

Defendant requests a trial by jury.


DATED:  January 12, 2022            GREENBERG TRAURIG, LLP


                                By:    */s/  Robert Herrington*
                                      Robert J. Herrington
                                      Attorneys for Defendants MEDTRONIC, INC.
                                      and COVIDIEN, L.P.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT